MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURT·
04/17/2023 03:28 PI
CV 2023 04 0761

**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, LLC<br>d/b/a BESSE MEDICAL<br>9075 Centre Point Drive, Suite 140<br>West Chester, OH 45069 | :<br>:<br>: Case No.:_____<br>:<br>: Judge_____ |
| Plaintiff, | :<br>: |
| v. | :<br>: |
| RETINA MACULA SPECIALISTS<br>OF MIAMI, LLC,<br>184 NE 168 Street<br>North Miami Beach, FL 33162 | :<br>: **PLAINTIFF'S COMPLAINT FOR**<br>: **MONEY DAMAGES**<br>: |
| Also Serve Registered Agent:<br>Lara Wilfredo<br>184 NE 168th Street<br>Miami, FL 33162 | :<br>:<br>:<br>: |
| Defendant. | :<br>: |

NOW COMES Plaintiff, ASD Specialty Healthcare, LLC, d/b/a Besse Medical ("Besse"),

by and through its undersigned counsel, with this complaint against defendant, Retina Macula

Specialists of Miami, LLC ("RMS"), and in support thereof avers as follows:

### THE PARTIES

1.      Besse is a California limited liability company that does business as Besse Medical,

and has a place of business located at 9075 Centre Point Drive, Suite 140, West Chester, Ohio

45069.

2.      RMS is a Florida corporation with a place of business located at 184 NE 168th

Street, Miami, FL 33162.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action, which includes claims for damages in an amount exceeding $50,000.00, exclusive of interest, attorneys' fees and costs, pursuant to Ohio Rev. Code Ann. § 2305.01.

4.     This Court may exercise personal jurisdiction over RMS pursuant to Ohio Rev. Code Ann. § 2307.382(A)(1) because Besse's cause of action arises from Besse and RMS transacting business in the State of Ohio.  As set forth in the Credit Agreement identified below, RMS has consented to personal jurisdiction in Ohio.

5.     Venue, pursuant to Rule 3(B)(3) of the Ohio Rules of Civil Procedure, is proper in this Court and in Butler County, Ohio, because RMS has conducted activity in Butler County that gave rise to Besse's claims for relief.  As set forth in the Credit Agreement identified below, RMS has consented to venue in this Court.

## BACKGROUND FACTS

6.     Besse is a supplier of medical and pharmaceutical products ("Pharmaceuticals").

7.     RMS is an ophthalmology clinic with locations in and around Miami, Florida.

8.     On or about August 7, 2017, RMS executed an application for credit (the "Credit Agreement"), pursuant to which, inter alia, it agreed to terms and conditions that would govern the purchase of Pharmaceuticals from Besse. A true and correct copy of the Credit Agreement, with certain sensitive information redacted, is attached hereto, incorporated herein, and marked as **Exhibit 1.**

9.     On or about April 1, 2018, RMS and Besse executed a Supply Agreement (the "Supply Agreement"), pursuant to which RMS agreed, among other things, to purchase no less than 50% of all specialty pharmaceutical products from Besse, as set forth more fully in the Supply

Agreement. A true and correct copy of the Supply Agreement, with certain sensitive information redacted, is attached hereto, incorporated herein, and marked as **Exhibit 2**.

10.     The terms of the Credit Agreement are incorporated into the Supply Agreement.

11.     Together, the Credit Agreement and the Supply Agreement (collectively, the "Agreements") set forth terms and conditions that govern RMS's purchase of Pharmaceuticals from Besse.

12.     Pursuant to the Agreements, RMS agreed to pay for the Pharmaceuticals it ordered and received from Besse within thirty (30) days from the date of invoice.

13.     Pursuant to the terms of the Agreements, RMS agreed to pay late fees to Besse at the rate of 18% per annum, and to reimburse Besse for its costs of collection including, without limitation, Besse's reasonable attorneys' fees and costs.

14.     RMS purchased Pharmaceuticals from Besse pursuant to the Agreements between August 2017 and October 2022.

15.     Besse delivered the Pharmaceuticals to RMS at various locations, as directed by RMS.

16.     RMS regularly received invoices and statements from Besse reflecting the amounts due for Pharmaceuticals sold to RMS.

17.     RMS never disputed the balances due set forth on the invoices or statements.

18.     Despite ordering Pharmaceuticals from Besse in connection with its business, RMS failed and/or refused to make payment for the Pharmaceuticals it purchased from Besse and, as a result, is in breach of the Agreements.

19.     As a result of RMS's defaults, all sums owed by RMS to Besse are immediately due and payable in full, including fees and costs incurred by Besse.

20. By letter dated February 27, 2023, Besse demanded payment of the outstanding balance from RMS. A true copy of the letter is attached hereto, incorporated herein, and marked as **Exhibit 3**.

21. The total outstanding balance due from RMS as of March 30, 2023, exclusive of attorneys' fees and costs, is $1,831,022.43, plus continuously accruing late fees, calculated at the rate of eighteen percent (18%) per annum on all delinquent invoices.

22. A statement of amount due dated March 30, 2023, reflecting the outstanding balances due for Pharmaceuticals ordered by RMS from Besse is attached hereto, incorporated herein, and marked as **Exhibit 4**.

## COUNT I
## BREACH OF CONTRACT

23. Besse incorporates by this reference the allegations set forth in the preceding paragraphs as though they were set forth fully and at length.

24. Besse complied with its contractual obligations to RMS under the Agreements by supplying Pharmaceuticals to RMS and invoicing the same for payment.

25. Despite the fact that Besse supplied Pharmaceuticals to RMS, sent invoices to RMS for payment and demanded payment for the Pharmaceuticals supplied, RMS breached its duties and failed and/or refused to make payment to Besse in accordance with its obligations under the Agreements and is otherwise in default of those obligations.

26. RMS has failed and/or refused, and continues to fail and/or refuse, to make payment to Besse in accordance with its obligations and, thus, has materially breached the terms of its contract with Besse.

4

27.     As a result of RMS's material breach of the Agreements, Besse has been damaged in the amount of at least $1,831,022.43, plus accruing interest at the rate of 18% per annum from the date of each unpaid invoice, reasonable attorneys' fees, and costs, which RMS agreed to pay.

## COUNT II
## ACTION ON ACCOUNT STATED

28.     Besse incorporates by this reference the allegations set forth in the preceding paragraphs as though they were set forth fully and at length.

29.     Beginning in August 2017, Besse had an ongoing business relationship with RMS pursuant to which Besse sold Pharmaceuticals to RMS and RMS agreed to pay for such Pharmaceuticals in accordance with the terms of the various invoices sent from Besse to RMS.

30.     Besse timely invoiced RMS for the Pharmaceuticals it supplied, which Pharmaceuticals were shipped at RMS's request.

31.     Besse regularly provided RMS with account statements setting forth the amount due from RMS to Besse.

32.     Upon information and belief, RMS had an opportunity to review the relevant invoices and statements and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

33.     RMS received and accepted the invoices sent by Besse along with the Pharmaceuticals.

34.     RMS never objected to the amounts set forth in Besse's invoices or statements.

35.     Despite repeated demand, RMS has failed to pay Besse the total amounts due as invoiced and a balance remains due.

36.     The balance due from RMS to Besse forms the subject of a book account (the "Account").

37.     As a result of RMS's failure and refusal to pay the Account, Besse has been damaged in the amount of $1,831,022.43, plus accruing interest at the rate of 18% per annum from the date of each unpaid invoice, reasonable attorneys' fees and costs, which RMS agreed to pay.

### COUNT III
### UNJUST ENRICHMENT
### (In the Alternative)

38.     Besse incorporates by this reference the allegations set forth in paragraphs 1-7, 18-21, and 28-36 as though they were set forth fully and at length.

39.     Besse conferred a benefit upon RMS by providing RMS with Pharmaceuticals.

40.     RMS knew of and appreciated the benefits provided to it by Besse by using the Pharmaceuticals supplied by Besse in connection with the neurology practice operated by RMS.

41.     Besse expected payment for the Pharmaceuticals it sold to RMS and which RMS used in its business and for which RMS expected to pay.

42.     Despite repeated demand, RMS has failed to pay for any of the Pharmaceuticals it purchased from Besse.

43.     The reasonable and fair value of the Pharmaceuticals sold by Besse to RMS that remain outstanding is $1,831,022.43.

44.     By accepting delivery of the Pharmaceuticals supplied by Besse, retaining them, and not paying Besse for them, RMS has been unjustly enriched at Besse's expense in the amount of $1,831,022.43, plus accruing interest at the rate of 18% per annum from the date or each unpaid invoice, reasonable attorneys' fees and costs, which RMS agreed to pay.

### COUNT V
### ATTORNEYS' FEES AND COSTS

45.     Besse incorporates by this reference the allegations set forth in the preceding paragraphs as though they were set forth fully and at length.

46.     Pursuant to the terms of the Agreements, RMS agreed to reimburse Besse for its costs of collection including, without limitation, Besse's reasonable attorneys' fees and costs.

47.     Besse has incurred attorneys' fees and costs to collect from RMS the amounts it is owed, and which remain unpaid, under the terms of the parties' Agreements.

48.     Under the terms of the Agreements, Besse is entitled to an award of reasonable attorney fees and costs it has incurred in collecting from RMS the amounts it is owed, and which remain unpaid, under the terms of the parties' Agreements.

WHEREFORE, Plaintiff ASD Specialty Healthcare, LLC, t/a Besse Medical demands judgment against Retina Macula Specialists of Miami, LLC. as follows:

A.  For judgment in the amount of $1,831,022.43, plus interest from the date of each unpaid invoice, at the rate of 18% per annum on all delinquent invoices;

B.  Reasonable attorneys' fees and costs; and

C.  For such other and further relief as this Court deems just and proper.

Respectfully submitted,

STATMAN HARRIS, LLC

William B. Fecher (0039240)
35 E. 7th Street, Suite 315
Cincinnati, Ohio 45202
Tel: (513) 587-4446 | Fax: (513) 621-4896
wbfecher@statmanharris.com
*Counsel for Plaintiff*